IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEON P. GASKIN,
    Plaintiff,

vs.                              Case No. 5:06cv157/MCR/EMT

DONALD GRIFFITH,
    Defendant.
_____/

### REPORT AND RECOMMENDATION

    Plaintiff has filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 5).  He requests injunctive relief against Defendant Griffith in the form of an order requiring Defendant Griffith to stay away from him and stop threatening and harassing him (*id*. at 1).

    Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971).  The district court must exercise its discretion in the light of whether:

    1.    There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to Plaintiff outweighs the threatened harm injunction will do to the defendant; and

    4.    The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric.,

734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995).

In the instant motion, filed on August 9, 2006, Plaintiff repeats the facts alleged in his complaint and adds that seven (7) working days have elapsed since he filed an emergency grievance with the warden regarding Defendant Griffith's allegedly soliciting another inmate on July 29, 2006, to beat Plaintiff (Doc. 5 at 2).[1] Additionally, Plaintiff states that an inmate told him that officers were talking about him to other inmates (*id.*).

In a separate order issued by this court on today's date, Plaintiff was directed to submit an amended complaint because he conceded he had not exhausted his administrative remedies prior to filing the complaint. Additionally, the only remedy sought by Plaintiff in his complaint was punitive damages, but he did not allege he suffered any physical injury as a result of Defendant Griffith's conduct. Because it has been determined that Plaintiff's complaint fails to state a claim, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief, namely, that there is a substantial likelihood he will prevail on the merits in this action. Therefore, the motion for a preliminary injunction should be denied.

---

[1] Pursuant to the administrative regulations of the Department of Corrections, the warden has fifteen calendar days to respond to the grievance. *See* Fla. Admin. Code r. 33-103.006(3)(a).

Case No.: 5:06cv157/MCR/EMT

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 5) be **DENIED**.

At Pensacola, Florida, this 12<u>th</u> day of September 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636**; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).